IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SUMMER GORMAN                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:16-cv-00204-GHD-JMV

STATE OF MISSISSIPPI, MISSISSIPPI
GAMING COMMISSION, TUNICA COUNTY,
MISSISSIPPI DEPARTMENT OF PUBLIC
SAFETY, and ROBERT SHARP                                                         DEFENDANTS

MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION FOR LIMITED
DISCOVERY AND TO STAY RULING ON DEFENDANT ROBERT SHARP'S
MOTION FOR JUDGMENT ON THE PLEADINGS

Presently before the Court is Plaintiff's motion [19] for limited discovery and to stay ruling on Defendant Robert Sharp's motion for judgment on the pleadings [17]. Defendant Robert Sharp has filed a response. Plaintiff has not filed a reply, and the time for doing so has now passed. Upon due consideration, the Court finds that the motion is not well taken and should be denied, as Plaintiff has not specifically shown why qualified immunity-discovery is necessary at this juncture or why the Court should stay the ruling on the motion for judgment on the pleadings [17].

A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings is governed by the same standards as a Federal Rule of Civil Procedure 12(b)(6) motion—that is, the Court must determine upon a review of the pleadings whether the plaintiff has stated a valid claim for relief. *See Brown v. CitiMortgage, Inc.*, 472 F. App'x 302, 303 (5th Cir. 2012) (per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props.*,

1

*Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

Qualified immunity should be ruled on at the earliest juncture in the litigation. A district court may defer its qualified immunity ruling only if "further factual development is necessary to ascertain the availability of [the qualified immunity] defense." *See Randle v. Lockwood*, No. 16-50393, 2016 WL 6652702, at *3 (5th Cir. Nov. 10, 2016) (quoting *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015)). Because the Court finds that further factual development does not appear to be necessary to determine the qualified immunity issue, the Court finds that Plaintiff's motion for limited discovery should be DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 6th day of February, 2017.

_____
SENIOR U.S. DISTRICT JUDGE