UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SUMMER GORMAN            PLAINTIFF

v.            Civil No. 3:16-CV-00204-GHD-JMV

RICHARD SHARP, *et al.*            DEFENDANT

**MEMORANDUM OPINION**

The Court currently has before it Plaintiff Summer Gorman's motion and amended motion to set aside the judgment [41, 43]. Having considered the matter, the Court finds the motions must be denied.

**Background**

Gorman's husband, John, was an agent with the Mississippi Gaming Commission. In September 2016, the Commission put on a firearms training exercise led by Robert Sharp, a firearms instructor with the agency. During an exercise demonstration, Sharp drew his actual firearm, rather than the dummy firearms being used in the training, and shot John in the chest, killing him.

Gorman filed this 1983 action against the State of Mississippi, the Mississippi Department of Public Safety, the Commission, Tunica County, and Sharp, alleging they committed an unreasonable seizure under the Fourth Amendment and deprived him of his Fourteenth Amendment due process rights.[1]

On motions from the Defendants, this Court dismissed the claims against the State of Mississippi, the Mississippi Department of Public Safety, the Mississippi Gaming Commission,

---

[1] Gorman alleged that the Tunica County emergency personnel who responded after the shooting decided not to transport John to a hospital in deliberate indifference to John's medical needs. To date, Tunica County has not made an appearance in this case, and Gorman's claims against it are still pending.

1

and Sharp in his official capacity because the State and its agencies were immune from § 1983 liability under the Eleventh Amendment. *See* Mem. Op. [32]. The Court also found that Sharp, in his individual capacity, was entitled to qualified immunity on the Fourteenth Amendment due process claim. However, the Court found that Sharp was not entitled to qualified immunity on the Fourth Amendment seizure claim at that stage of the case

Sharp appealed. The Fifth Circuit reversed, holding that because Sharp believed he was using a dummy firearm rather than a real firearm, he did not willfully and intentionally shoot John. Thus, under the facts of the complaint, Sharp did not seize John under the Fourth Amendment. *Gorman v. Sharp*, 892 F.3d 172, 175 (5th Cir. 2018) (citing *Brower v. County of Inyo*, 489 U.S. 593, 596–97, S.Ct. 1378, 103 L.Ed.2d 628 (1989)).

On remand, pursuant to the Fifth Circuit's opinion and accompanying mandate, this Court ordered the remaining claims against Sharp be dismissed.

It appears that through discovery in a related state law case, Gorman has obtained evidence that Sharp negligently discharged his firearm in another incident several weeks prior to shooting John. Thus, she now moves to aside the Court's prior judgment pursuant to Fed. R. Civ. P. 60.

## Analysis

An initial point of confusion is what order Gorman asks this Court to revisit. The Court has issued two orders dismissing claims in this case: the July 11, 2017, Order [31] that dismissed all of the claims against the state entities and the Fourteenth Amendment claim against Sharp; and the July 10, 2018, Order [40] dismissing the Fourth Amendment claim against Sharp. Gorman's motion seeks to "set aside the judgment of July 10, 2018," so that she can present proof "that Robert Sharp and the Mississippi Gaming Commission had previously knowledge of an unlawful discharge of a fire arm by [] Sharp." Pl.'s Am. Motion to Set Aside Judgment, [41] at 4. However, the July 10, 2018, Order, did not concern claims against the Mississippi Gaming Commission,

2

only the Fourth Amendment claim against Sharp. Thus, it is unclear if Gorman asks this Court to set aside just the July 10, 2018 Order, or the July 11, 2017, Order as well.

It is ultimately irrelevant which order Gorman seeks to set aside. With respect to the July 10, 2018 Order and the Fourth Amendment claim against Sharp, the mandate rule prevents this Court from doing anything other dismissing those claims. "The mandate rule requires a district court on remand to effect our mandate and to do nothing else." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (quoting *United States v. Castillo*, 179 F.3d 321, 329 (5th Cir. 1999), *rev'd on other grounds*, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000). "Because the mandate rule is a corollary of the law of the case doctrine, it 'compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" *Id.* (quoting *Castillo*, 179 F.3d at 329)).

The Fifth Circuit's mandate remanded the case to this Court "with instructions that the district court dismiss the remaining Fourth Amendment claim against Sharp." *Gorman*, 892 F.3d at 172. Dismissing that claim is the only action this Court now has the authority to do. Thus, the July 10, 2018, Order will not be set aside.

To the extent that Gorman seeks relief from July 11, 2017, Order, she has not established she is entitled to that relief under Rule 60. Rule 60(b) provides six avenues for relief from an order

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

3

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;

(6) any other reason that justifies relief.

Presumably, Gorman seeks relief due to her "newly discovered evidence" under Rule 60(b)(2). But to prevail under that rule, Gorman must show that the evidence, if considered, would "probably produce a different result." *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir. 1980).

The evidence Gorman alludes to here would not produce a different result in July 11, 2017, Order. The Order ruled on a motion to dismiss and a motion for judgment on the pleadings. Thus, the factual matter before the Court was limited to that contained in the pleadings. The Order was premised on two holdings of law: first that the state entities were entitled to Eleventh Amendment immunity, and second, that Sharp was entitled to qualified immunity on the Fourteenth Amendment claim because Gorman had not alleged a cognizable constitutional claim. Obliviously, evidence that the Commission knew Sharp had previously negligently discharged his firearm would not change the nature of the state entities and abrogate their Eleventh Amendment immunities.

Nor would that evidence change this Court's prior qualified immunity analysis with respect to the Fourteenth Amendment claim. Gorman premised that claim on a "state-created danger" theory of liability. Pl.'s Comp. [1] ¶¶ 39–57. As the Court previously noted, the Fifth Circuit has yet to recognize the state-created danger theory. *See Whitley v. Hanna*, 726 F.3d 631, 640 (5th Cir. 2013) (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 865 (5th Cir.2012) (en banc)). Thus, she did not allege a constitutional claim under the Fourteenth

Amendment. The purported evidence does not change the case-law on the matter, and the Commission's knowledge of the prior discharge does not suddenly bring the theory to life. The Court would still be compelled to dismiss that Fourteenth Amendment claim because it still seeks to establish liability on a theory that is not viable in this Circuit.

## Conclusion

The mandate rule prevents this Court from doing anything other than dismissing Gorman's Fourth Amendment claims against Sharp. The Court therefore cannot alter the July 10, 2018, Order. Further, Gorman has not established that she is entitled to relief from the July 11, 2017, Order under Rule 60. Accordingly, her motion to set aside those orders is denied.

A separate order shall issue.

This the 21 day of September, 2018.

_____
SENIOR U.S. DISTRICT JUDGE