IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SUMMER GORMAN                                                                    PLAINTIFF

v.                                                CIVIL ACTION NO. 3:16-cv-00204-GHD-JMV

STATE OF MISSISSIPPI; et al.                                                    DEFENDANTS

### ORDER GRANTING IN PART DEFENDANT TUNICA COUNTY'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Presently before the Court is the Defendant Tunica County, Mississippi's motion to set aside Clerk's entry of default [56]. Upon due consideration, the Court finds that the motion, other than the merits-based request contained therein that the Plaintiff's claim against this Defendant be dismissed, is well taken and shall be granted.

On September 9, 2016, the Plaintiff filed the Complaint [1] in this case. Defendant Tunica County disputes whether it was properly served with process, but in any event, on March 8, 2019, the Plaintiff filed a Motion for Entry of Default [52], and on March 11, 2019, the Clerk entered an Entry of Default as to Defendant Tunica County [53].

Defendant Tunica County has now filed the present motion to set aside the Clerk's entry of default, requesting, *inter alia*, that the entry of default be set aside. The Plaintiff has not responded to the motion.

The Fifth Circuit set forth the pertinent law with respect to entries of default as follows:

> Under Rule 55, a district court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The language of this rule is discretionary, and "the decision to set aside a default is committed to the sound discretion of the trial court." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Furthermore, district courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense. *See id.* at 183–84; *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183–84

1

> (5th Cir. 1985). This is because "courts universally favor trial on the merits." *Dierschke*, 975 F.2d at 183 (internal quotation marks omitted).

*Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015).

Based on the foregoing, the Court finds that Defendant Tunica County's motion to set aside the Clerk's entry of default in the case *sub judice* should be granted – the Defendant has indicated that its failure to file a responsive pleading was not willful; the Plaintiff will not be prejudiced by the setting aside of the entry of default; and there is no indication that the Defendant does not have a meritorious defense to the Plaintiff's claim.

ACCORDINGLY, Defendant Tunica County's motion to set aside entry of default [56] is GRANTED IN PART – the portion of the motion seeking to have the Clerk's Entry of Default set aside is GRANTED; the remaining requests for relief contained within Defendant's motion are DENIED.

THIS, the 6th day of May, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE